IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| | ) | CIVIL ACTION NO. |
| Plaintiff, | ) ) | C O M P L A I N T |
| | ) | |
| v. | ) | JURY TRIAL DEMAND |
| | ) ) | |
| Comforts of Home Holdings, LLC, Inver Grove Heights WP, LLC, d/b/a White Pine Senior Living, Inver Grove Heights WP II, LLC | ) ) ) | |
| Defendants. | ) | |

_____

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 ("Title VII") to correct unlawful employment practices on the basis of sex (pregnancy) and to provide appropriate relief to an aggrieved employee ("Charging Party") who was adversely affected by such practices. As alleged with greater particularity below, Comforts of Home Holdings, LLC; Inver Grove Heights WP, LLC, d/b/a White Pine Senior Living; and Inver Grove Heights WP II, LLC (together "Defendants" or "White Pine") discriminated against a pregnant employee, the Charging Party, who worked in two of Defendants' facilities in Inver Grove Heights, Minnesota, by subjecting her to workplace harassment, discriminatory discharge, and retaliation, on the basis of pregnancy, in violation of Title VII.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.     The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Minnesota.

PARTIES

3.     Plaintiff, the Equal Employment Opportunity Commission (the "EEOC"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1)(3).

4.     At all relevant times, Comforts of Home Holdings, LLC., a Minnesota limited liability corporation, has continuously been doing business in the State of Minnesota and the City of Mendota Heights, Minnesota, and has continuously had at least 15 employees.

5.     At all relevant times, Comforts of Home Holdings, LLC., has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

6.     At all relevant times, Inver Grove Heights WP, LLC, d/b/a White Pine Senior Living, a Minnesota limited liability corporation, has continuously been doing business in the State of Minnesota and the City of Inver Grove Heights, Minnesota, and has continuously had at least 15 employees.

7.     At all relevant times, Inver Grove Heights WP, LLC, d/b/a White Pine Senior Living, has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

8.      At all relevant times, Inver Grove Heights WP II, LLC, a Minnesota limited liability corporation, has continuously been doing business in the State of Minnesota and the City of Inver Grove Heights, Minnesota, and has continuously had at least 15 employees.

9.      At all relevant times, Inver Grove Heights WP II, LLC, has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

10.     At all relevant times, Comforts of Home Holdings, LLC, had control over the management and operations of at least 14 assisted living facilities, including Inver Grove Heights WP, LLC, d/b/a White Pine Senior Living, and Inver Grove Heights WP II, LLC.

(a)     At all relevant times, Comforts of Home Holdings, LLC provided for all its assisted living facilities, including for facilities of Inver Grove Heights WP, LLC, d/b/a White Pine Senior Living, and Inver Grove Heights WP II, LLC, management services including but not limited to marketing, sales, community relations, the employment of a director of nursing, the employment of a director of operations, admission nursing, nursing training, and maintenance.

(b)     At all relevant times, Comforts of Home Holdings, LLC managed the payroll for its affiliated assisted living facilities, including for facilities of Inver Grove Heights WP, LLC, d/b/a White Pine Senior Living, and Inver Grove Heights WP II, LLC.

(c)     At all relevant times, Comforts of Home Holdings, LLC employed Regional Directors who directly supervised managers of each of the assisted living facilities, including the facilities of Inver Grove Heights WP, LLC, d/b/a White Pine Senior Living, and Inver Grove Heights WP II, LLC, and retained hiring and firing authority over the employees of all its affiliated facilities.

(d)    At all relevant times, Comforts of Home Holdings, LLC employed Regional Directors who had offices in each of its affiliated assisted living facilities, including in the facilities of Inver Grove Heights WP, LLC, d/b/a White Pine Senior Living and Inver Grove Heights WP II, LLC.

(e)    At all relevant times, Comforts of Home Holdings, LLC allowed transfers and promotions of employees between the affiliated assisted living facilities it managed and operated, including between facilities of Inver Grove Heights WP, LLC, d/b/a White Pine Senior Living, and Inver Grove Heights WP II, LLC.

(f)    Comforts of Home Holdings, LLC and the affiliated assisted living facilities under its control, including Inver Grove Heights WP, LLC, d/b/a White Pine Senior Living, and Inver Grove Heights WP II, LLC, operate as an integrated enterprise with more than 500 employees.

## ADMINISTRATIVE PROCEDURES

11.    More than thirty days prior to the institution of this lawsuit, the Charging Party filed a charge with the EEOC alleging violations of Title VII by Defendants.

12.    On May 30, 2024, the EEOC issued to Defendants a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendants to join with the EEOC in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

13.    On August 28, 2024, the Commission issued to Defendants a Notice of Failure of Conciliation advising Defendants that the Commission was unable to secure from Defendants a conciliation agreement acceptable to the Commission.

14.    All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

15.     At all relevant times, Defendants managed and operated multiple assisted living facilities in Minnesota and Wisconsin, which provided senior living services and memory care services to residents.

16.     Since at least December 28, 2021, when the Charging Party moved into the role of Activities Coordinator, Defendants have engaged in unlawful employment practices at its Inver Grove Heights senior living facility, in violation of Sections 703(a)(1), and 704(a) of Title VII, 42 U.S.C. 2000e-2(a)(1), 2000e-3(a). These unlawful practices include, but are not limited to, the following:

17.     On or around April 24, 2021, Defendants hired Charging Party as a Caregiver at its facility in Inver Grove Heights WP II, LLC.

18.     On or around December 7, 2021, Defendants promoted Charging Party to the role of Activities Coordinator at their facility in Inver Grove Heights WP, LLC, d/b/a White Pine Senior Living.

19.     On or around December 28, 2021, Charging Party began her new position of Activities Coordinator at Defendants' facility in Inver Grove Heights WP, LLC, d/b/a White Pine Senior Living.

20.     On or around December 29, 2021, one of Defendants' managers, a Campus Director, told Charging Party that Charging Party is not a good fit for the role of Activities Coordinator because the manager had learned of Charging Party's pregnancy and that Charging Party would require maternity leave.

(a)     During this conversation, the manager told Charging Party that Charging Party's pregnancy was "going to be a problem."

(b)     During this conversation, the manager demanded to know why the Charging Party had not disclosed her pregnancy before she was promoted into the

5

Activities Coordinator position and said, "This is something big. I'm not going to forget about it."

(c)     During this conversation, the manager told Charging Party that she had already spoken with Defendants' corporate office and the company's counsel to learn of her available options to deal with Charging Party.

(d)     During this conversation, the manager gave Charging Party two options— return to the former position as a lower-paid Caregiver or remain in the Activities Coordinator position until the manager hires a permanent replacement.

(e)     During this conversation, Charging Party responded by voicing her objection  to the manager's conduct as pregnancy discrimination.

21.     After the manager and Charging Party's conversation on December 29, 2021, the manager began excessively monitoring Charging Party through her other subordinate employees and intensely scrutinizing Charging Party's work performance, with the apparent intent of driving the Charging Party out of the Activities Coordinator position.

22.     On or around January 10, 2022, Charging Party found a job posting on Indeed.com for the Activities Coordinator position in her building and for her shift.

23.     On or around January 14, 2022, Defendants became aware that on January 12, 2022, Charging Party engaged in the protected activity of filing an EEOC Charge.

24.     From January 14, 2022, through the end of Charging Party's employment, management heightened their campaign of excessive monitoring and intense scrutiny of Charging Party's work performance, including a daily critique of Charging Party's performance and falsely accusing her of misconduct, with the apparent intent of driving the Charging Party out of the Activities Coordinator position.

25.    On or around January 24, 2022, less than a month into the Activities Coordinator role, Charging Party was placed on a Performance Improvement Plan ("PIP").

    (a)    The same manager who objected to Charging Party's pregnancy and a Regional Director, who was an employee of Comforts of Home Holdings, LLC, attended the PIP meeting.

    (b)    During the PIP meeting, management told Charging Party that any future performance issues will result in termination.

26.    On or around February 1, 2022, Charging Party resigned due to management's campaign of harassment, repeated threats of termination, and the resulting intolerable working conditions.

27.    The effect of the practices complained of in paragraphs 15-26 above, has been to deprive the Charging Party of equal employment opportunities and otherwise adversely affect her status as an employee because of her pregnancy.

28.    The unlawful employment practices complained of in paragraphs 15-26 above, were intentional.

29.    The unlawful employment practices complained of in paragraphs 15-26 above, were done with malice or with reckless indifference to the federally protected rights of the Charging Party.

<u>PRAYER FOR RELIEF</u>

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant Comforts of Home Holdings, LLC, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in any employment practices which discriminate on the basis of pregnancy or retaliate against an employee for opposing discrimination.

B.      Grant a permanent injunction enjoining Defendant Inver Grove Heights WP, LLC, d/b/a White Pine Senior Living, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in any employment practices which discriminate on the basis of pregnancy or retaliate against an employee for opposing discrimination.

C.      Grant a permanent injunction enjoining Defendant Inver Grove Heights WP II, LLC, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in any employment practices which discriminate on the basis of pregnancy or retaliate against an employee for opposing discrimination.

D.      Order Defendant Comfort of Homes Holdings, LLC, to institute and carry out policies, practices, and programs which provide equal employment opportunities for pregnant employees, and which eradicate the effects of its past and present unlawful employment practices.

E.      Order Defendant Inver Grove Heights WP, LLC, d/b/a White Pine Senior Living, to institute and carry out policies, practices, and programs which provide equal employment opportunities for pregnant employees, and which eradicate the effects of its past and present unlawful employment practices.

F.      Order Defendant Inver Grove Heights WP II, LLC to institute and carry out policies, practices, and programs which provide equal employment opportunities for pregnant employees, and which eradiate the effects of past and present unlawful employment practices.

G.      Order Defendant Comforts of Home Holdings, LLC to make whole the Charging Party, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment

practices, including but not limited to backpay, reinstatement into the Activities Coordinator position, or front pay in lieu of reinstatement.

H.      Order Defendant Inver Grove Heights WP, LLC d/b/a White Pine Senior Living to make whole the Charging Party, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to backpay, reinstatement into the Activities Coordinator position, or front pay in lieu of reinstatement.

I.      Order Defendant Inver Grove Heights WP II, LLC to make whole the Charging Party, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to backpay, reinstatement into the Activities Coordinator position, or front pay in lieu of reinstatement.

J.      Order Defendant Comforts of Home Holdings, LLC to make whole the Charging Party by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 15-26 above, including out-of-pocket of relocation expenses, job search expenses, and medical expenses not covered by the Defendants' employee benefit plan, in amounts to be determined at trial.

K.      Order Defendant Inver Grove Heights WP, LLC, d/b/a White Pine Senior Living to make whole the Charging Party by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 15-26 above, including out-of-pocket of relocation expenses, job search expenses, and medical expenses not covered by the Defendants' employee benefit plan, in amounts to be determined at trial.

L.      Order Defendant Inver Grove Heights WP II, LLC to make whole the Charging Party by providing compensation for past and future pecuniary losses resulting from the unlawful

employment practices described in paragraphs 15-26 above, including out-of-pocket of

relocation expenses, job search expenses, and medical expenses not covered by the Defendants'

employee benefit plan, in amounts to be determined at trial.

      M.     Order Defendants to make the Charging Party whole by providing compensation

for past and future nonpecuniary losses resulting from the unlawful practices complained of in

paragraphs 15-26 above, including for emotional pain, suffering, inconvenience, loss of

enjoyment of life, and humiliation, in amounts to be determined at trial.

      N.     Order Defendants to pay punitive damages to the Charging Party for malicious

and reckless conduct, as described in paragraphs 15-26 above, in amounts to be determined at

trial.

      O.     Grant such further relief as the Court deems necessary and proper in the public

interest.

      P.     Award the EEOC its costs of this action.

<u>JURY TRIAL DEMAND</u>

The EEOC requests a jury trial on all questions of fact raised by its complaint.

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

Karla Gilbride
General Counsel
Equal Employment Opportunity
Commission
131 M Street, N.E., 5th Floor
Washington, D.C. 20507

Christopher Lage
Deputy General Counsel
Equal Employment Opportunity
Commission
131 M Street, N.E., 5th Floor
Washington, D.C.  20507

/s/ Gregory Gochanour
Gregory Gochanour
Regional Attorney
EEOC Chicago District Office
230 South Dearborn Street
Chicago, IL 60604
gregory.gochanour@eeoc.gov

/s/ Deborah Hamilton
Deborah Hamilton (IL Bar No. 6269891)
Assistant Regional Attorney
EEOC Chicago District Office
230 South Dearborn Street
Chicago, IL 60604
deborah.hamilton@eeoc.gov

/s/ Carrie Vance
Carrie Vance (WI Bar No. 1056606)
Senior Trial Attorney
EEOC Milwaukee Area Office
310 W. Wisconsin Avenue, Suite 500
Milwaukee, WI 53203
(414) 662-3686
carrie.vance@eeoc.gov

/s/ W. Emma Heo
W. Emma Heo (IL Bar No. 6337680)
Trial Attorney
U.S. EEOC Chicago District Office
230 S. Dearborn Street
Chicago, IL 60604
312-872-9740
emma.heo@eeoc.gov