IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Equal Employment Opportunity Commission,<br><br>    Plaintiff,<br><br>v.<br><br>Comforts of Home Holdings, LLC, Inver Grove Heights WP, LLC, d/b/a White Pine Senior Living, Inver Grove Heights WP II, LLC,<br><br>    Defendants. | Court File No.:  0:25-cv-00059<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendants Comforts of Home Holdings, LLC, Inver Grove Heights WP, LLC, d/b/a White Pine Senior Living and Inver Grove Heights WP II, LLC (collectively "Defendants"), for their joint Answer to Plaintiff's Complaint, generally deny each and every allegation, matter and thing contained in Plaintiff's Complaint, except as hereafter admitted, answered or otherwise qualified, and further state and allege as follows:

## NATURE OF ACTION

Defendants deny the allegations as described in Plaintiff's Nature of Action introduction in Plaintiff's Complaint, and Defendants deny that they engaged in unlawful employment practices and specifically deny they engaged in any workplace harassment, discriminatory discharge, and/or retaliation.

## JURISDICTION AND VENUE

1. Defendants generally admit the allegations in Paragraph 1 of Plaintiff's Complaint.

2. Defendants deny the allegations in Paragraph 2 of Plaintiff's Complaint that any unlawful employment practices occurred, and they put Plaintiff to its strict burden of proof. Defendants do not contest the Court's jurisdiction to hear this matter.

## PARTIES

3. Defendants generally admit the allegations in Paragraph 3 of Plaintiff's Complaint.

4. Defendants admit the allegations in Paragraph 4 of Plaintiff's Complaint.

5. Defendants admit the allegations in Paragraph 5 of Plaintiff's Complaint.

6. Defendants admit the allegations in Paragraph 6 of Plaintiff's Complaint.

7. Defendants admit the allegations in Paragraph 7 of Plaintiff's Complaint.

8. Defendants admit the allegations in Paragraph 8 of Plaintiff's Complaint.

9. Defendants admit the allegations in Paragraph 9 of Plaintiff's Complaint.

10. Defendants deny the allegations in Paragraphs 10(a)-(e) of Plaintiff's Complaint as stated and described therein, and they specifically deny that Defendants operate as an integrated enterprise. Defendants affirmatively state that the Charging Party was an employee of Defendant Inver Grove Heights WP, LLC, d/b/a White Pine Senior Living and Inver Grove Heights WP II, LLC (collectively referred to herein as "Defendants White Pine Senior Living"). Charging Party was never an employee of Comforts of Home Holdings, LLC. Comforts of Home Holdings, LLC, is a separate, distinct corporate entity from Defendants White Pine Senior Living.

## ADMINISTRATIVE PROCEDURES

11. Defendants admit the allegations in Paragraph 11 of Plaintiff's Complaint that Charging Party filed a charge against "White Pine Senior Living" and did not assert a charge against Defendant Comforts of Home Holdings, LLC, and Defendants affirmatively state that Defendants White Pine Senior Living timely responded with a written Response to the Charge of Discrimination and denied the allegations of wrongful employment practices asserted against White Pine Senior Living.

12. Defendants admit the allegations in Paragraph 12 of Plaintiff's Complaint.

13. Defendants admit the allegations in Paragraph 13 of Plaintiff's Complaint that an EEOC investigator contacted Defendants' attorney via email to advise that the EEOC was stopping conciliation efforts; Defendants affirmatively state that it was engaged in meaningful and good faith conciliation negotiations with the purpose of reaching a compromised conciliation agreement and Defendants would have continued in such efforts prior to the commencement of this lawsuit if allowed to do so by Plaintiff.

14. Defendants are without sufficient information to either deny or admit the allegations in Paragraph 14 of Plaintiff's Complaint.

## STATEMENT OF CLAIMS

15. Defendants generally admit the allegations in Paragraph 15 of Plaintiff's Complaint, and they affirmatively state that Charging Party was only an employee of Defendant Inver Grove Heights WP, LLC, d/b/a White Pine Senior Living and Inver Grove Heights WP II, LLC (collectively referred to herein as "Defendants White Pine Senior Living"). Charging Party was never an employee of Comforts of Home Holdings, LLC.

3

Comforts of Home Holdings, LLC, is a separate, distinct corporate entity from Defendants White Pine Senior Living.

16. Defendants deny the allegations in Paragraph 16 of Plaintiff's Complaint.

17. Defendants admit the allegations in Paragraph 17 of Plaintiff's Complaint.

18. Defendants admit the allegations in Paragraph 18 of Plaintiff's Complaint.

19. Defendants admit the allegations in Paragraph 19 of Plaintiff's Complaint.

20. Defendants deny the allegations in Paragraph 20 of Plaintiff's Complaint.

21. Defendants deny the allegations in Paragraph 21 of Plaintiff's Complaint.

22. Defendants are without sufficient information to either admit or deny the allegations in Paragraph 22 of Plaintiff's Complaint as to what Charging Party found.

23. Defendants admit the allegations in Paragraph 23 of Plaintiff's Complaint.

24. Defendants deny the allegations in Paragraph 24 of Plaintiff's Complaint.

25. Defendants deny the allegations in Paragraph 25 of Plaintiff's Complaint as stated, and they affirmatively allege that Charging Party's work performance in the Activities Coordinator position warranted Defendants White Pine Senior Living implementing a Performance Improvement Plan as Charging Party was not meeting the expectations for the performance of the Activities Coordinator job duties.

26. Defendants admit the allegation in Paragraph 26 of Plaintiff's Complaint that Charging Party voluntarily resigned, and Defendants deny the remaining allegations set forth in Paragraph 26 of Plaintiff's Complaint.

27. Defendants deny the allegations in Paragraph 27 of Plaintiff's Complaint.

28. Defendants deny the allegations in Paragraph 28 of Plaintiff's Complaint.

29. Defendants deny the allegations in Paragraph 29 of Plaintiff's Complaint.

## PRAYER FOR RELIEF

30. Defendants deny that Plaintiffs are entitled to the relief requested in the Wherefore Clause of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

31. Defendants affirmatively state that Plaintiff's Complaint fails to state a claim upon which relief can be granted against them.

32. Defendants affirmatively state that Charging Party was never an employee of Comforts of Home Holdings, LLC, and that Comforts of Home Holdings, LLC, is a separate, distinct corporate entity from Defendants White Pine Senior Living.

33. Defendants affirmatively state that White Pine Senior Living had a legitimate, non-discriminatory purpose to implement a Performance Improvement Plan for Charging Party due to Charging Party not meeting the job performance expectations for the role of Activities Coordinator, and White Pine Senior Living's decision to implement a Performance Improvement Plan constituted a legitimate, non-discriminatory, and non-retaliatory business decision made by Defendants White Pine Senior Living.

34. Defendants affirmatively state that Plaintiff had an at-will employment relationship with Defendants White Pine Senior Living.

35. Defendants affirmatively state that Defendants White Pine Senior Living did not terminate Charging Party and that Charging Party voluntarily resigned her employment from White Pine Senior Living.

36. Defendants affirmatively state that Plaintiff and/or Charging Party may have failed to mitigate any claimed damages.

37. Defendants affirmatively reserve, pending further discovery, the right to assert any other affirmative defenses, objections or other defenses available to it under applicable laws and rules, including but not limited to those stated in Rule 8 of the Federal Rules of Civil Procedure.

**WHEREFORE**, Defendants Comforts of Home Holdings, LLC, Inver Grove Heights WP, LLC, d/b/a White Pine Senior Living and Inver Grove Heights WP II, LLC respectfully request that the Court dismiss Plaintiff's Complaint with prejudice and that they be granted judgment together with their costs, disbursements and any other relief the Court deems just and equitable.

| | |
|---|---|
| Dated: March 6, 2025 | Lind, Jensen, Sullivan & Peterson<br>A Professional Association<br><br>s/ Patrick J. Larkin<br>Patrick J. Larkin, I.D. No. 216483<br>Attorneys for Defendants<br>901 Marquette Avenue South<br>Suite 1900<br>Minneapolis, Minnesota 55402<br>(612) 333-3637<br>*Patrick.larkin@lindjensen.com* |

### JURY DEMAND

These answering Defendants demand a jury trial to the extent that a jury is permitted by applicable law.

s/ Patrick J. Larkin
Patrick J. Larkin